**Maria Magdalena LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74046.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.[*]

Decided March 14, 2006.

Michelle Gonzalez, Law Office of Michelle Gonzalez, Huntington Park, CA, for Petitioner.

Maria Magdalena Lopez, Norwalk, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM [**]

Maria Magdalena Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying her application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir. 2004), and deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's conclusion that Lopez was statutorily ineligible for cancellation of removal because Lopez failed to demonstrate that she had accrued ten years of continuous physical

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A).

To the extent Lopez challenges the IJ's decision to accord no weight to the affidavits Lopez submitted, we are without jurisdiction to review this argument because Lopez failed to raise it before the BIA and thereby failed to exhaust her administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**